Robertson, Ch. J.
The vagueness of the terms of the verbal contract in this case has produced all the difficulty. If it had been to sell a certain quantity of barley of a particular kind, before the close of internal navigation in this state, in the year 1862, at a certain price, there could have been no question raised. The complaint only alleges that it was an agreement to sell nine thousand bushels of barley, or thereabouts. The evidence, however, seems to show that it was of some undefined cargo, on its way to New York in a canal boat, and that the precise bulk was not fixed, but an approx *187 imation to it agreed upon. The agreement was made between the defendant Simons and the plaintiff Flanagan. The latter testified that “ no particular bulk was mentioned ; it was thought to be the average quantity that came by (canal) boats. * ® Some held four and some ten thousand bushels.” Simons was “ to let him have a cargo of nine thousand bushels.” It was so arranged because the former wished to specify the quantity. He also added that such amount was not the 'average run of the boats ; it was what the latter.thought it would be. Another witness (Van Vliet) testified that the quantity stated was “ a' cargo containing about nine thousand bushels, ® ■ * to be delivered before the close of navigation.” Simons told Flanagan he presumed such barley “ would be along in a very short time.” It was spoken of as a cargo of barley containing about nine thousand bushels. Other witnesses spoke of it as a (boat) load of barley.
Whatever else was indefinite in such contract, it was evidently an agreement to sell, not so much barley generally, but a cargo of so much then on its way in canal boats, If the defendants, without any fault on their part, never received such barley, they would not have been bound to procure it in the market. The whole contract was made in reference to the arrival of the barley and the facilities of navigation. The amount was determined by the average bulk of cargoes in canal boats. The particular boat or cargo was not named. The defendants had therefore a right to select the one they chose to tender ; and the plaintiffs had a right to refuse any which did not correspond with the description by not having the requisite quantity. But its being one cargo was to govern, unless both parties agreed to carry the agreement out by two. The defendants selected and delivered, as a performance of the contract, a cargo of much less quantity. The plaintiffs had a right to refuse it as a performance, because not corresponding in quantity ; but they received it, paid for it, and accepted a receipt for it as being such quantity, although they insisted it was not a performance. The defendants did not propose to divide the contract by such delivery, and leave a part unper *188 formed. They proposed to perform it fully, and the plaintiffs by accepting the thing offered acceded to the proposal. They could not divide the contract alone, and claim the delivery of a second cargo or a part of one, as a part of the contract remaining unperformed. Their remedy was to object to and refuse the receipt of a smaller cargo than was bargained for, as a performance. A boat load or cargo described as containing a certain quantity, is as definite, indivisible and entire, as an animal of a certain weight, strength or speed, a steam engine of a certain power, or any indivisible article of merchandize of certain dimensions or weight. The delivery of an animal of less weight, strength or speed, a steam engine of less power, or article of merchandise of less dimensions, and its acceptance by the vendee, satisfies a contract to sell one greater in all such respects, when delivered in performance of it. Such a delivery and acceptance would not leave any thing definite to be performed under such contract, certainly not the delivery of a second article of the same kind, with a supplemental amount of qualifications to make up the deficiency.
There was no evidence in this case of any arrival of a cargo of nine thousand bushels of barley, consigned to the defendants, for the non-delivery of which the plaintiffs could recover, even if they had not precluded themselves therefrom by acceptance of the cargo delivered.
I think, therefore, without regard to the statute of frauds, the plaintiffs have no right of action, having accepted a cargo delivered in performance of a contract to deliver one, though of'less bulk. No mere dissatisfaction or notice of not accepting it as a performance could vary the effect of its delivery as such and acceptance, because there was nothing left under the contract in a definite shape to be performed.
I concur in thinking judgment should be given for the defendants, and the exceptions overruled.